**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

<table>
<tr><td>

KIA FULLER,

    Plaintiff,

v.

TRANS UNION, LLC,

    Defendant.

</td><td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td><td>

Civil Action No. 21-cv-03148-LKG

Dated:  July 26, 2023

</td></tr>
</table>

**<u>MEMORANDUM OPINION</u>**

## I.     INTRODUCTION

Plaintiff *pro se,* Kia Fuller, alleges in this civil action that Defendant, Trans Union LLC ("Trans Union") has defamed her character and violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, ("FCRA"), by failing to remove certain bankruptcy reporting information from her credit report that she maintains is inaccurate.  *See* ECF No. 4 at 4.  Trans Union has moved for summary judgment in its favor on Plaintiff's claims.  ECF No. 26.  The motion is fully briefed.  ECF Nos. 26, 29, 30.  No hearing is necessary to resolve the motion.  *See* L.R. 105.6. For the reasons that follow, the Court: (1) **GRANTS** Trans Union's motion for summary judgment and (2) **DISMISSES** the complaint.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.     Factual Background

Plaintiff *pro se*, Kia Fuller, is a Maryland resident.  ECF No. 4 at 2.  Defendant, Trans Union, LLC is a global credit reporting agency that has its headquarters in Chicago, Illinois. ECF No. 26-2, Declaration of Donald Wagner ("Wagner Decl.") ¶ 3; *see also* transunion.com.

In this civil action, Plaintiff alleges that Trans Union has defamed her character by

---

[1] The facts recited in this memorandum opinion are taken from the complaint, Defendant's motion for summary judgment, and memorandum in support thereof.  ECF Nos. 4, 26.

failing to remove certain bankruptcy reporting information from her credit report that she maintains is inaccurate.  ECF No. 4 at 4.  The Court construes the complaint to also allege that the bankruptcy information on Plaintiff's credit report is causing her creditworthiness to be adversely affected, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 *et. seq*.  *See id.*  As relief, Plaintiff seeks to recover monetary damages from Trans Union.  *See id.* at 2.

Plaintiff's Bankruptcy

As background, on November 13, 2019, Plaintiff filed a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Maryland.  *See In re Kia Fuller*, 19-bk-25168 (D. Bk. Md. 2019).  The Bankruptcy Court issued an order discharging the bankruptcy on June 9, 2020.  *Id*.  Thereafter, the Bankruptcy Court issued a final decree closing the case on July 16, 2020.  *Id*.

It is undisputed that Trans Union reported Plaintiff's Bankruptcy as "CHAPTER 7 BANKRUPTCY DISCHARGED" with a filed date of November 13, 2019 and a paid/discharged of June 9, 2020 (the "Bankruptcy Information").  Wagner Decl. ¶ 9; ECF Nos. 29, 29-1.  Trans Union maintains that it accurately reported this Bankruptcy Information.  *See* Wagner Decl. ¶ 9.

Plaintiff's Civil Actions

In November 2021, Plaintiff filed a civil action in the District Court of Maryland for Baltimore City alleging that Trans Union is liable for "defamation of character" because it reported the Bankruptcy Information.  *See* ECF No. 4 at 4.   Plaintiff also alleged in that action that her "rights according to the FCRA 15 USC 1681b(a)(2), 15 USC 1681e(b), 15 USC 1681(a)(4) [sic] and 15 USC 1681s(2) are being violated."  *Id*.  On December 10, 2021, Trans Union removed the case to this Court.  ECF No. 1 (21-cv-3148).

On June 21, 2022, Plaintiff filed a second civil action in the District Court of Maryland for Baltimore City alleging a defamation of character claim against Trans Union.  ECF No. 4 (22-cv-01687).  On July 8, 2022, Trans Union also removed this case to this Court.  ECF No. 1 (22-cv-01687).  The Court subsequently consolidated both of Plaintiff's cases on September 30, 2022.  ECF No. 23.

Trans Union's Discovery Requests

The parties have engaged in discovery in this case.  *See* ECF No. 26-2, Ex. A.  In this regard, it is undisputed that Trans Union served Plaintiff with its First Set of Interrogatories, First Set of Request for Production of Documents and First Set of Requests For Admission on March 21, 2022.  *See id.*; *see also* Huse Decl. ¶ 11; ECF No. 29-1.  It is also undisputed that Plaintiff did not respond to these discovery requests, including Trans Union's request for admission.  *See* ECF No. 26-2, Ex. A.

Because Plaintiff did not respond to its discovery requests, Trans Union maintains that Plaintiff has admitted, as a matter of law, the following:

- Trans Union has not violated any provision of the FCRA with respect to Plaintiff.
- Plaintiff was not damaged as a result of any act or omission on the part of Trans Union.
- Trans Union followed reasonable procedures to assure maximum possible accuracy of the information Trans Union reported with respect to Plaintiff.
- Trans Union reported only accurate information relating to Plaintiff.
- Plaintiff had no written or oral communications with Trans Union.
- Trans Union did not furnish Plaintiff's consumer report to any third party.
- Trans Union did not knowingly, intentionally or recklessly commit any act or omission in conscious disregard for Plaintiff's rights.
- Plaintiff has no state or common law claims against Trans Union.
- The actions of Trans Union in handling Plaintiff's credit file and in dealing with Plaintiff were not done with the intent to harm Plaintiff.
- Plaintiff was not damaged as a result of any act or omission on the part of Trans Union.
- Plaintiff did not suffer any emotional distress, humiliation, embarrassment or mental anguish as a result of Trans Union's conduct.
- Plaintiff did not incur any expenses in connection with medical, spiritual or counseling treatment resulting from the events which form the basis of this litigation.

*See* ECF No. 26-1 at 5-6.

## B.    Procedural Background

After Plaintiff filed this matter in the District Court for Baltimore City, Trans Union removed this matter to this Court on December 10, 2021.  ECF No. 1.  Trans Union answered the complaint on December 16, 2021.  ECF No. 7.

On July 8, 2022, Trans Union removed a related case to this Court.  ECF No. 1 (22-cv-1687).  Thereafter, the Court consolidated this matter with 22-cv-1687 on September 30, 2022.  ECF No. 23.

On December 12, 2022, Trans Union filed a motion for summary judgment and a memorandum in support thereof.  ECF Nos. 26, 26-1.  Plaintiff filed a response in opposition to Trans Union's motion on February 9, 2023.  ECF No. 29.  Trans union filed a reply brief on February 23, 2023.  ECF No. 30.

## III.   LEGAL STANDARDS

### A.   Fed. R. Civ. P. 56

A motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  And so, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co., Inc. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co., Ltd.*, 601 F.2d 139, 141 (4th Cir. 1979).

When ruling on a motion for summary judgment, the Court must construe the facts alleged in the light most favorable to the party opposing the motion.  *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co*., 773 F.2d 592, 595 (4th Cir. 1985).  In this regard, the moving party bears the burden of showing that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Catawba Indian Tribe of S.C. v. State of S.C.*, 978 F.2d 1334, 1339 (4th Cir. 1992), *cert. denied,* 507 U.S. 972 (1993).  But, a party who bears the burden of proof on a particular claim must also factually support each element of his or her claim.  *See Celotex Corp.*, 477 U.S. at 322-23.  Given this, "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial."  *Id.* at 323.  And so, on those issues on which the nonmoving party will have the burden of proof, it is the nonmoving party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial.  *See Anderson*, 477 U.S. at 256.

In this regard, the United States Court of Appeals for the Fourth Circuit has held that, "[a] mere scintilla of evidence in support of the nonmovant's position will not defeat a motion for summary judgment." *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 536 (4th Cir. 1997). And so, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

### B. FCRA

"Congress enacted [the Fair Credit Reporting Act ("FCRA")] in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, 127 S. Ct. 2201, 2205, 167 L. Ed. 2d 1045 (2007) (citing 84 Stat. 1128, 15 U.S.C. § 1681). FCRA requires that credit reporting agencies follow certain procedures in reporting consumer credit information that both "meet[ ] the needs of commerce" and are "fair and equitable to the consumer." 15 U.S.C. § 1681(b).

FCRA also imposes duties on the "furnishers of information" and prohibits any person from furnishing information to a CRA that the person knows is inaccurate. *Id.* § 1681s-2. In addition, the statute requires that any person who "regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies" must correct and update the information provided so that it is "complete and accurate." *Id.*

If a consumer notifies a credit reporting agency that she disputes the accuracy of an item in her file, FCRA requires that the credit reporting agency notify the furnisher of the dispute. *Id.* § 1681i(a)(2). Upon receipt of this notice, a furnisher must:

> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency; [and]
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis . . .

*Id.* § 1681s–2(b)(1). And so, FCRA requires furnishers to determine whether the information that they previously reported to a credit reporting agency is "incomplete or inaccurate." *Id.* § 1681s–2(b)(1)(D).

5

The Fourth Circuit has held that that a credit report is not accurate under FCRA if it provides information in such a manner as to create a materially misleading impression. *Saunders v. Branch Banking and Trust Co*., 526 F.3d 142, 148 (4th Cir. 2008); *see also Dalton v. Capital Associated Indus., Inc*., 257 F.3d 409, 415 (4th Cir. 2001). In this regard, the Fourth Circuit has held that a report is inaccurate when it is patently incorrect and also when the report is misleading so that it can be expected to have an adverse effect. *Saunders*, 526 F.3d at 148 (citing *Dalton*, 257 F.3d at 415). And so, a consumer report that contains technically accurate information may be deemed "inaccurate" if the statement is presented in such a way that it creates a misleading impression. *Id.*

Lastly, FCRA imposes civil liability on "[a]ny person" violating duties under the Act. 15 U.S.C. §§ 1681n(a); 1681o(a). While the statute bars private suits for violations of Section 1681s–2(a) of the Act, consumers may bring private suits for violations of Section 1681s–2(b) of the Act. *Id.* § 1681s–2(c). FRCA requires that that any claim must be filed "not later than the earlier of—(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." *Id.* § 1681p.

### C.  Fed. R. Civ. P. 36

Fed R. Civ. P. 36 governs requests for admissions and it provides, in relevant part, that:

Time to Respond; Effect of Not Responding.  A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. . . .

Effect of an Admission; Withdrawing or Amending It.  A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. . . .

Fed R. Civ. P. 36(a)(3) and (b). This Court has held that "unanswered requests for admissions may properly serve as a basis for summary judgment and with a failure to make a timely response, the truth of the matter contained in the request for admission is conclusively established and may serve as the basis for the court's consideration of a motion for summary judgment." *Vales v. Preciado*, 809 F. Supp. 2d 422, 427 n.5 (D. Md. 2011).

## IV.    LEGAL ANALYSIS

Trans Union has moved for summary judgment in its favor on Plaintiff's defamation and FRCA claims upon several grounds.

First, Trans Union argues that Plaintiff's Section 1681e(b) claim fails as a matter of law, because, Plaintiff has admitted that: (1) Trans Union did not violate the FCRA; (2) Trans Union did not inaccurately report her Chapter 7 Bankruptcy to a third party; (3) Trans Union did not fail to follow reasonable procedures to assure maximum possible accuracy of its reporting; (4) Plaintiff never contacted Trans Union to dispute the reporting of the Chapter 7 Bankruptcy; and (5) Plaintiff did not suffer damages as a result of Trans Union's conduct.  ECF No. 26-1 at 7-13.  TransUnion also argues that Plaintiff cannot prevail on this claim, because there is no evidence to show that: (1) there was a factual inaccuracy in Trans Union's reporting; (2) Trans Union did not maintain reasonable procedures to assure maximum possible accuracy in the reporting in the accurate reporting of Plaintiff's bankruptcy records; (3) Trans Union provided Plaintiff's consumer report to a third party; or (4) Plaintiff suffered any concrete damages.  *Id.* at 15-21.

Second, Trans Union argues that Plaintiff's Section 1681i claim must also fail as a matter of law, because Plaintiff has admitted that: (1) Trans Union did not violate the FCRA; (2) Trans Union did not inaccurately report her Chapter 7 Bankruptcy to a third party; (3) Trans Union did not fail to follow reasonable procedures to assure maximum possible accuracy of its reporting; (4) Plaintiff never contacted Trans Union to dispute the reporting of the Chapter 7 Bankruptcy; (5) and Plaintiff did not suffer damages as a result of Trans Union's conduct.  *Id.* at 9-11.  Trans Union also argues that Plaintiff cannot prevail on this claim, because there is no evidence to show that Plaintiff disputed Trans Union's reporting of her Chapter 7 Bankruptcy. *Id.* at 17-19.

Third, Trans Union argues that Plaintiff's Section 1681b claim fails, because Plaintiff admits that Trans Union did not provide a consumer report about her to any third party and there is no evidence that Trans Union provided Plaintiff's consumer report to a third party.  *Id.* at 11, 19.

Fourth, Trans Union argues that Plaintiff's Section 1681s-2 claim fails as a matter of law, because Plaintiff admits that Trans Union did not violate FCRA and Section 1681s-2 applies only to furnishers of information.  *Id.* at 11-12.

In addition, Trans Union argues that Plaintiff's defamation claim fails as a matter of law, because: (1) Plaintiff admits that Trans Union did not inaccurately report her Chapter 7 Bankruptcy to a third party, (2) Trans Union did not act with malice towards Plaintiff, (3) Trans Union did not provide a consumer report about Plaintiff to any third party; (4) Plaintiff did not suffer any damages;[2] and (5) Plaintiff's defamation claim is preempted by FCRA. *Id.* at 12.

Lastly, Trans Union argues that Plaintiff's claims in this matter fail as matter of law, because she has put forward no evidence of actual damages. *Id.* at 21. And so, Trans Union requests that the Court enter summary judgment in its favor on Plaintiff's claims. *Id.* at 23.

In her response in opposition to Trans Union's motion for summary judgment, Plaintiff neither disputes that she failed to respond to Trans Unions discovery requests, including requests for admission, nor substantively responds to Trans Union's arguments. *See* ECF No. 29. But she argues that summary judgment is not warranted in this case, because her credit report "shows that the bankruptcy was reported by the U.S. Bankruptcy [Court] which is inaccurate. ECF No. 29. And so, Plaintiff requests that the Court deny Trans Union's motion. *Id.*

For the reasons that follow, the undisputed material facts in this case show that Plaintiff cannot prevail on her Section 1681e(b) claim, because there is no evidence to show that Trans Union's reporting of her Bankruptcy Information was factually inaccurate. The undisputed material facts also show that Plaintiff cannot prevail on her Section 1681i claim, because there is no evidence before the Court to show that Plaintiff notified Trans Union of her dispute regarding the reporting of her Chapter 7 Bankruptcy. *See id.*

The unrebutted evidence also makes clear that Plaintiff cannot prevail on her Section 1681b claim, because there is no evidence in this case to show that Trans Union provided her consumer report to a third party. The unrebutted evidence similarly shows that Plaintiff cannot prevail on her Section 1681s-2 claim, because Trans Union is not a furnisher of information. Lastly, the unrebutted evidence also makes clear that Plaintiff's defamation claim is preempted

---

[2] Trans Union argues that Plaintiff's failure to respond to its request for admissions requires a determination that Plaintiff has admitted to these requests and that withdrawal of Plaintiff's admissions would not promote the presentation of any merits in this case. ECF No 26-1 at 13. Because the undisputed material facts show that Plaintiff cannot prevail upon the merits of any of her claims, the Court does not address whether summary judgment is also warranted, because of Plaintiff's admissions under Fed. R. Civ. P. 36 and 56.

by FCRA.  And so, the Court GRANTS Trans Union's motion for summary judgment and DISMISSES this matter.  Fed. R. Civ. P. 56.

### A.  Plaintiff Cannot Prevail On Her Section 1681e(b) Claim

As an initial matter, Trans Union persuasively argues that Plaintiff cannot prevail on her Section 1681e(b) claim, because there is no evidence in this case to show, among other things, that there was a factual inaccuracy in Trans Union's reporting.  *See* ECF No. 29.  To prevail on her Section 1681e(b) claim, Plaintiff must prove, among other things, that Trans Union furnished an inaccurate consumer report on the Plaintiff.  *See Dalton*, 257 F.3d at 415 (holding that inaccuracy of information related to creditworthiness is required to prevail on a FCRA claim). The undisputed material facts show that Plaintiff cannot meet this burden, because she provides no evidence to show that Trans Union's reporting of her Chapter 7 bankruptcy was factually inaccurate.

In this regard, it is undisputed that Plaintiff filed a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Maryland on November 13, 2019.  *See In re Kia Fuller*, 19-bk-25168 (D. Bk. Md. 2019).  It is also undisputed that the Bankruptcy Court issued an order discharging the bankruptcy on June 9, 2020, and subsequently closed the case on July 16, 2020.  *Id*.  The parties also agree that Trans Union reported Plaintiff's bankruptcy as "CHAPTER 7 BANKRUPTCY DISCHARGED" with a filed date of November 13, 2019 and a paid/discharged date of June 9, 2020.  Wagner Decl. ¶ 9; ECF Nos. 29 and 29-1.

Plaintiff does not argue that any of the information in Trans Union's reporting is inaccurate.  *See* ECF No. 29.  Indeed, while Plaintiff argues in her response in opposition that "my credit report shows that the bankruptcy was reported by the US Bankruptcy Courts, which is inaccurate," she does not identify any inaccurate information in her credit report, or explain why that information is inaccurate.  *Id.*  The Bankruptcy Information reported by Trans Union is also consistent with the evidence before the Court showing the disposition of Plaintiff's Chapter 7 bankruptcy by the Bankruptcy Court.  *See* Huse Decl. ¶ 5; Wagner Decl. ¶ 9.  Given this, there is no evidence before the Court to show that Trans Union's report was inaccurate, so that Plaintiff could prevail on her Section 1681e(b) claim.[3]  And so, the Court GRANTS Trans Union's motion for summary judgment on this issue and DENIES Plaintiff's Section 1681e(b) claim.

---

[3] As Trans Union also explains, FCRA allows for the reporting of consumer bankruptcy is credit information.  *See* 15 U.S.C. §1681c(a)(1).

### B.  Plaintiff Cannot Prevail On Her Section 1681i Claim

Plaintiff's Section 1681i is also problematic, because there is no evidence to show that she disputed the allegedly inaccurate information in her credit report.  Section 1681i requires that a credit reporting agency, upon notice of a dispute of any item of information in a consumer's credit file, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the status of the disputed information, or delete it if it is found to be inaccurate, incomplete or cannot be verified.  *See* 15 U.S.C. §§ 1681i(a) and (b); *see also Petty v. Equifax Info. Servs.*, No. CCB-10-694, 2010 WL 4183542, at *3 (D. Md. Oct. 25, 2010) (stating that no liability exists under Section 1681i where Plaintiff did not dispute the relevant information).  If a consumer notifies a credit reporting agency that she disputes the accuracy of an item in her file, FCRA requires that the credit reporting agency notify the furnisher of the dispute.  15 U.S.C. § 1681i(a)(2).  And so, to prevail on her Section 1681i claim Plaintiff must show, among other things, that she disputed the Bankruptcy Information in her credit report.  *See Brooks v. Midland Credit Mgmt.*, Civil No. WDQ-12-1926, 2013 WL 1010455, at *7 (D. Md. March 13, 2013) (holding that a dispute of inaccurate information is required element for reinvestigation claim).

The undisputed material facts in this case show that Plaintiff cannot make this showing.  There is no evidence before the Court to show that Plaintiff notified Trans Union of the fact that she disputed the accuracy of the Bankruptcy Information contained in her credit report.  While Plaintiff alleges that she made attempts to correct the Bankruptcy Information, she has not provided any evidence to support this allegation and Trans Union represents to the Court that it has no record of receiving a dispute from Plaintiff regarding her Bankruptcy Information.  *See* ECF No. 26 at 18-19; ECF No. 29.  Because there is no evidence in this case to show that Plaintiff informed Trans Union that she disputed the accuracy of the Bankruptcy Information prior to commencing this litigation, she cannot prevail on her Section 1681i claim.  And so, the Court GRANTS Trans Union's motion for summary judgment on this issue and DENIES Plaintiff's Section 1681i claim.

### C.  Plaintiff Cannot Prevail On Her Section 1681s-2 Claim

Trans Union also argues with persuasion that Plaintiff's Section 1681s-2 claim must fail as a matter of law, because this provision applies only to furnishers of information.  ECF No. 26-1 at 11-12.  The only private action that Plaintiff can bring under Section 1681s-2 is a claim

related to the investigation of a consumer dispute by a furnisher of information, following the receipt of that dispute by a credit reporting agency. *See* 15 U.S.C. § 1681s-2(b); *see also Saunders*, 526 F.3d at 149 (holding that a private litigant cannot bring an action for violation of Section 1681s-2(a) relating to the FCRA's prohibition against the reporting of information with actual knowledge of errors). It is undisputed in this case that Trans Union is a credit reporting agency and, thus, not a furnisher of information. Wagner Decl. ¶ 3. Given this, Trans Union cannot be found liable for any violations of Section 1681s-2's furnisher reporting and investigation requirement. *See Miller v. Trident Asset Mgmt., LLC*, 2019 WL 4467036, at *8 (D. Md. Sept. 18, 2019) (holding Section 1681s-2 claims apply only to furnishers of information). And so, the Court also GRANTS Trans Union's motion for summary judgment on this issue and DENIES Plaintiff's Section 1681s-2 claim.

### D. Plaintiff Cannot Prevail On Her Section 1681(b) Claim

The unrebutted evidence before the Court also shows that Plaintiff cannot prevail on her Section 1681(b) claim, because there is no evidence in this case to show that Trans Union disclosed her consumer report to a third party. To prevail on this claim, Plaintiff must show that her consumer report was disclosed to a third party for an impermissible purpose. *See Harris v. Database Mgmt. & Mktg.*, 609 F. Supp. 2d 509 (D. Md. 2009) (holding that production of consumer report without a permissible purpose is requirement for Section 1681b claim); *see also* 15 U.S.C. § 1681b(a)(3) ("any consumer reporting agency may furnish a consumer report under the following circumstances … to a person which it has reason to believe … intends to use the information for [a permissible purpose]".). Plaintiff neither alleges, nor provides any evidence to show, that Trans Union disclosed her consumer report to a third party. *See* ECF No. 29; Huse Decl. ¶ 25(f). Given this, Plaintiff cannot prevail on her Section 1681(b) claim. And so, the Court also GRANTS Trans Union's motion for summary judgment on this issue and DENIES Plaintiff's Section 1681 claim.

### E. Plaintiff's Defamation Claim Is Preempted By FCRA

As a final matter, summary judgment is also warranted on Plaintiff's defamation claim, because this claim is preempted by FCRA. *See* 15 U.S.C. § 1681h(e). As the Fourth Circuit has held, FCRA expressly preempts claims of defamation with respect to the reporting of information to third parties, unless there is evidence to support a finding that the credit reporting agency furnished false information with "malice or willful intent to injure." *Ross v. FDIC*, 625

F.3d 808, 814 (4th Cir. 2010).  As discussed above, the unrebutted evidence before the Court shows that the Bankruptcy Information in Plaintiff's credit report is not false.  Plaintiff has also not advanced any evidence to show that Trans Union furnished any false information with malice or willful intent to injure Plaintiff.  ECF Nos. 1-3 and 29.  Given this, Plaintiff's defamation claim is preempted by the FCRA.[4]  *See* 15 U.S.C. § 1681h(e).  And so, the Court must also GRANT Trans Union's motion for summary judgment on this issue and DISMISS Plaintiff's defamation claim.

## V.    CONCLUSION

In sum, the undisputed material facts in this case show that Plaintiff cannot prevail on her Section 1681e(b) claim, because there is no evidence to show that Trans Union's reporting of her Bankruptcy Information was factually inaccurate.  The undisputed material facts also show that Plaintiff cannot prevail on her Section 1681i claim, because there is no evidence before the Court to show that Plaintiff notified Trans Union of her dispute regarding the reporting of her Chapter 7 Bankruptcy.

The unrebutted evidence also makes clear that Plaintiff cannot prevail on her Section 1681b claim, because there is no evidence in this case to show that Trans Union provided her consumer report to a third party.  The unrebutted evidence similarly shows that Plaintiff cannot prevail on her Section 1681s-2 claim, because Trans Union is not a furnisher of information.  Lastly, the unrebutted evidence also makes clear that Plaintiff's defamation claim is preempted by FCRA.  And so, the Court:

1.  **GRANTS** Trans Union's motion for summary judgment and

2.  **DISMISSES** this matter.

A separate Order shall issue.

---

[4] Trans Union also persuasively argues that Plaintiff's defamation claim fails as a matter of law, because, among other things, there is no evidence in this case to show that Trans Union made a false statement about her bankruptcy. ECF No. 26-1 at 20; *see also Hosmane v. Seley-Radtke*, 227 Md. App. 11, 20, 132 A.3d 348, 354, *aff'd*, 450 Md. 468, 149 A.3d 573 (2016).

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge